UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| APRIL DESSO <br>     Plaintiff <br><br> v. <br><br> VANDENBERG CHASE & <br> ASSOCIATES, LLC and <br> JANE DOE a/k/a MS. SIMS <br>     Defendants | CASE NUMBER: <br> COMPLAINT <br><br><br> JURY TRIAL <br> CLAIMED <br><br><br> FEBRUARY 23, 2011 |

    1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and also includes pendent State law claims for violation of the Connecticut Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et seq.*, Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and for intentional infliction of emotional distress.

    2. Plaintiff, April Desso, is a consumer residing in Portland, Connecticut.

    3. Defendant, Vandenberg Chase & Associates, LLC ("Vandenberg"), is a Georgia corporation in the business of purchasing and attempting to collect consumer debts.

    4. Jane Doe a/k/a Ms. Sims is an employee of Vandenberg who works as a debt collector. Ms. Sims identity and state of residence are not known to Plaintiff but are ascertainable in discovery.

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

6. This Court has jurisdiction over Vandenberg because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

8. Plaintiff had taken out a personal loan through Cardinal Management, LLC and accrued a consumer debt (the "Debt").

9. The Debt was assigned to Vandenberg for collection purposes.

10. In or around Mid-December 2010, Vanderberg started contacting Plaintiff in an attempt to collect the Debt. Around that same time, Ms. Sims called and spoke with Plaintiff at her workplace, and during that conversation, Plaintiff told Ms. Sims that she had an attorney with respect to the Debt and provided Ms. Sims with her attorney's contact information; Ms. Sims responded by yelling at Plaintiff that it was not Vandenberg's duty to call her attorney but that Plaintiff's attorney had to contact Vandenberg.

11. During the aforementioned conversation, Ms. Sims also told Plaintiff that Vandenberg was going to subpoena her at her workplace; when Plaintiff explained to Ms. Sims that she did not want Vandenberg contacting her at work, Ms. Sims responded by telling Plaintiff that Vandenberg was allowed to contact her at her workplace because Plaintiff placed her work number on her application when she applied for the account that resulted in the Debt.

12. Plaintiff feared that Vandenberg would subpoena her at work in front of her supervisors and coworkers, and as a result she suffered emotional distress in the form of worry, anxiety, and inability to concentrate; Plaintiff took Tylenol to help relieve the symptoms associated with the stress and anxiety produced as a result of Vandenberg's threats.

13. On or around that same time, Vandenberg called Plaintiff and left a message in attempt to collect the Debt; on that message, Vandenberg failed to state that it was a debt collector or was attempting to collect a debt.

14. Vandenberg never sent Plaintiff any letters regarding the Debt.

15. By their unfair, deceptive, and harassing collection activities, Vandenberg and Ms. Sims violated the FDCPA, the CCPA, and it committed intentional infliction of emotion distress, and Vandenberg violated CUTPA.

WHEREFORE, the Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; such other relief as this Court deems appropriate.

**PLAINTIFF, APRIL DESSO**

By: _____

Daniel Blinn, Esq.
Matthew W. Graeber, Esq.
Consumer Law Group, LLC
35 Cold Spring Rd, Suite 512
Rocky Hill, CT  06067-9997
Tel (860) 571-0408
Fax (860) 571-7457
Juris No. 414047